IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JERRY M. WALTERS | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-498 |
| WARDEN, FCI BEAUMONT | § | |

**MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Jerry M. Walters, a federal prisoner confined at the Federal Correctional Institution in Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge recommends dismissing the petition.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. The petitioner filed objections to the magistrate judge's Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

On July 8, 2003, the petitioner pleaded guilty in the United States District Court for the Southern District of Texas to murdering a person on government property, and he was sentenced to 405 months of imprisonment. The petitioner filed this habeas petition arguing that the district court

lacked jurisdiction because the property on which the murder took place was leased, not owned, by the government. In his objections, the petitioner also contends that he was hindered in his attempts to appeal the denial of his motion to vacate, set aside or correct judgment, which was filed pursuant to 28 U.S.C. § 2255.

Title 28 U.S.C. § 2241 affords prisoners an avenue to attack the manner in which a sentence is executed. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A claim challenging the legality of a conviction or sentence generally must be brought under § 2255, not § 2241. *Id*. There is one exception to this general rule, which is commonly referred to as the "savings clause" of § 2255. The savings clause allows a prisoner to utilize § 2241 as a vehicle for attacking a conviction or sentence if it appears the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Circuit precedent holds that the savings clause "applies to a claim: (i) that is based on a retroactively applicable United States Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001).

As the magistrate judge concluded, the petitioner's complaint regarding the jurisdictional element of his murder conviction fails to meet either prong of the *Reyes-Requena* test. Likewise, the petitioner's claim concerning the appeal of his §2255 motion does not meet the *Reyes-Requena* standard. Because his claims do not meet the requirements set forth in *Reyes-Requena*, the petitioner may not challenge his conviction or sentence under 28 U.S.C. § 2241.

## ORDER

Accordingly, the petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**SIGNED this 5th day of June, 2020.**

Michael J. Truncale
United States District Judge